

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 24, 1961

Honorable Tom Blackwell      Opinion No. WW-987
County Attorney
Travis County      Re:   Whether a County Tax
Austin, Texas           Assessor-Collector is
                                  bound to accept the
                                  rendition of the property
                                  owners as to the value of
                                  the property or whether
                                  he has the authority and
                                  duty to assess property
                                  uniformly throughout the
                                  county based on its market
Dear Mr. Blackwell:           value.

     You request the opinion of this Department on the following
question:

> "QUESTION: Under the Constitution,
> Statutes and laws of the State of Texas,
> is a County Tax Assessor-Collector <u>BOUND</u>
> to accept the rendition of the property
> owner as to the value of the property or
> does he have the authority and duty to
> assess property uniformily throughout
> the county based on its market value?"

     The assessor is charged with the duty of listing property,
his list being made up from information furnished by owners in
rendering their property for taxation, subject to the right of
the assessor to reject the value as stated by the owner, noting
on the rendition, in such case, his own estimate of the value.
40 Tex.Jur. 127, Taxation, Sec. 90.

     The law requires the taxpayer to render his property for
taxation by listing the same, making oath thereto, and delivering
the same to the assessor, whose duty it is to "enter the said
property on his tax rolls." Articles 7185-7189, V.A.C.S.

     Quoting from the opinion in <u>Republic Ins. Co. v. Highland
Park Independent School District of Dallas County</u>, 57 S.W.2d 627
(Civ.App. 1933, error dismissed.)

"Article 7192 provides that if the taxpayer refused or neglects to list his property when called upon so to do by the assessor, such assessor shall enter the name of such person in a book. Subdivision 6 of article 7206 requires the assessor to furnish the names of such persons to the board of equalization, '. . . together with the assessment of said person's property made by him through other information; and said board shall examine, equilize and correct assessments so made by the assessor, and when so revised, equalized and corrected, the same shall be approved.'

"Article 7193 provides: 'In all cases of failure to obtain a statement of real and personal property from any cause, the assessor of taxes shall ascertain the amount and value of such property and assess the same as he believes to be the true and full value thereof; and such assessment shall be as valid and binding as if such property had been rendered by the proper owner thereof.'

"The quoted article has no present application, for the facts did not exist which would authorize the assessor to inventory and value defendant's property. This is true because the defendant had tendered its inventory and valuation upon the official form.

"The quoted article (7193), and articles 7205 and 7218, give to the assessor the authority to list and value property not rendered by the owner and place the same upon the unrendered roll.

"In the event the list tendered by a taxpayer omits property which he owns, the assessor is by these articles authorized to list and value the omitted property and place the same upon the unrendered roll.

"But we know of no statute conferring upon an assessor authority to reject a list and valuation tendered by a taxpayer and substitute one of his own and place upon the

rendered roll the assessment so made by him.
The plaintiff seems to have recognized this,
for in apparent justification of the action
of the assessor it alleged the defendant had
failed and refused to list, inventory, and
assess its property.

"The law affords a remedy for the adjust-
ment of differences between the taxpayer
and the assessor such as here arose.

"Article 7185 provides that if the assessor
is not satisfied with the valuation as rendered
by the owner, he shall refer the same to the
board of equalization for its action, and
notify the person from whom he received the
list that he has referred said valuation to
the board.

"A portion of the assessor's oath prescribed
by article 7214, reads:  '. . . That I will
make up and attach to each assessment sheet
made up and sworn to by the said property owners,
their agents or representatives, a true assess-
ment and valuation of said property, together with
a memoranda of all facts which I may learn bearing
upon the value of said taxable property,. . . the
true value of such property; and that I will attach
said memoranda and statement of facts that I may
ascertain as aforesaid to the said assessment sheets
of the respective property owners.'"

In this, Republic Ins. Co. case, the property owner rendered
its property to the assessor but the assessor rejected the
rendition and substituted his own inventory and assessment there-
for, and the court held that this assessment was not made in the
manner prescribed by law and was invalid.

Article 7211, V.A.C.S., reads as follows:

"Hereafter when any person, firm or corpora-
tion renders his, their or its property in this
State for taxation to any tax assessor, and
makes oath as to the kind, character, quality
and quantity of such property, and the said
officer accepting said rendition from such
person, firm or corporation of such property
is satisfied that it is correctly and properly
valued according to the reasonable cash market
value of such property on the market at the
time of its rendition, he shall list the same
accordingly; but, if the assessor is satisfied

> that the value is below the reasonable
> cash market value of such property, he
> shall at once place on said rendition
> opposite each piece of property so rendered
> an amount equal to the reasonable cash
> market value of such property at the time
> of its rendition, and if such property shall
> be found to have no market value by such officer,
> then at such sum as said officer shall deem
> the real or intrinsic value of the property;
> and if the person listing such property or the
> owner thereof is not satisifed with the value
> placed on the property by the assessor, he shall
> so notify the assessor, and if desiring so to
> do make oath before the assessor that the
> valuation so fixed by said officer on said
> property is excessive; such officer to furnish
> said rendition, together with his valuation
> thereon and the oath of such person, firm or
> officer of any corporation, if any such oath
> has been made, to the commissioners' court
> of the county in which said rendition was made,
> which court shall hear evidence and determine
> the true value of such property on January
> First, 19 ___ (here give year for which assess-
> ment is made) as is herein provided; such
> officer or court shall take into consideration
> what said property could have been sold for
> any time within six months next before the
> first day of January of the year for which
> the property is rendered."

This article does not say that the assessor shall refuse to accept the rendition of the property owner if he is satisfied that the rendition is too low; but, "he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition, and if such property shall be found to have no market value by such officer, then at such sum as said officer shall deem the real or intrinsic value of the property; and if the person listing such property or the owner thereof is not satisfied with the value placed on the property by the assessor, he shall so notify the assessor, and if desiring so to do make oath before the assessor that the valuation so fixed by said officer on said property is excessive; such officer to furnish such rendition, together with his valuation thereon and the oath of such person, firm or officer of any corporation, if any such oath has been made, to the commissioners' court of the county in which said rendition was made,. . . ."

It is the opinion of this department in view of the authorities above cited that when a property owner renders his property for taxes in compliance with the statutes, it is the duty of the assessor to accept such rendition and if he is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such at the time of its rendition, and if such property shall be found to have no market value by such officer, then at such sum as said officer shall deem the real or intrinsic value of the property.

### S U M M A R Y

It is the duty of the tax assessor to accept the rendition from the property owner and if he is satisfied that the valuation of such property is below the reasonable cash market value of such property, then he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition. If the person listing such property or the owner thereof is not satisfied with the value placed on the property by the assessor, he shall so notify the assessor, and the assessor shall furnish such rendition, together with his valuation thereon, to the commissioners' court of the county in which said rendition was made.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. H. Broadhurst
Assistant

JHB:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John L. Estes
Riley Eugene Fletcher
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt